## Case No. 1,304.

### BENJAMIN v. TILLMAN.

[2 McLean, 213.] [1]

Circuit Court, D. Michigan. Oct. Term, 1840.

NEGOTIABLE INSTRUMENTS—ACCEPTANCE—EVIDENCE—"VALUE RECEIVED."

1. The acceptance of a bill is evidence against the acceptor, in behalf of the drawer, of so much money, under the money counts.
[See Frazer v. Carpenter, Case No. 5,069; Boyce v. Edwards, 4 Pet. (29 U. S.) 111.]

2. In a bill of exchange, or other negotiable instrument, the words "value received" are not necessary.

At law.

Mr. Cooper, for plaintiff.

Mr. Joy, for defendant.

OPINION OF THE COURT. This is an action of assumpsit, the general counts for money had and received, lent, &c., only, being contained in the declaration. The plaintiff offered, in evidence, a bill drawn by him, payable to Lansing, and accepted by defendant, but which did not contain the words "value received," and, on that ground, it was objected to.

The question is, whether this bill is evidence under the money counts. A bill, as well as a note, is prima facie evidence for money had and received by the drawer or maker to the use of the holder; and, on acceptance, is evidence of money had and received by the acceptor to the use of the drawer. 1 Salk. 283; Grant v. Vaughan, 3 Burrows, 1516; Bayley, Bills & N. (5th Ed.) 357; [Page v. Bank of Alexandria,] 7 Wheat. [20 U. S.] 35; 3 Gill & J. 369; Tatlock v. Harris, 3 Term R. 174; Vere v.

Lewis, Id. 182. It was decided, in Hardr. 485, that debt would not lie by the payee of a bill of exchange against the acceptor. And in the case of Gibson v. Minet, 1 H. Bl. 602, Eyre, C. J., said, "that the presumption of evidence which a bill of exchange affords has no application to the assumpsit for money paid by the payee or holder of it, to the use of the acceptor; and that it must be a very special case which will support such an assumpsit." 3 East, 177. In the case of Barlow v. Bishop, 1 East, 434, 435, it was held, that the plaintiff can, in no case, recover under the general count, unless money has actually been received by the party sued, and for the use of the plaintiff; and, also, in the case of Waynam v. Bend, 1 Camp. 175. In the case of Raborg v. Peyton, 2 Wheat. [15 U. S.] 385, the court say: "Prima facie, every acceptance affords a presumption of funds of the drawer in the hands of the acceptor; and is, of itself, an express appropriation of those funds for the use of the holder." And, again: "We are, therefore, of opinion that debt lies upon a bill of exchange by an indorsee of the bill against the acceptor, when it is expressed to be for value received." In the cases of Smith v. Smith, 2 Johns. 235, and Saxton v. Johnson, 10 Johns. 418, it was settled that a note not negotiable was admissible in evidence under the count for money had and received.

As between each party to a bill of exchange, or negotiable promissory note, and every other party, there is a sufficient privity in law; and, as such negotiable contract is presumed to be a cash transaction, and, as a money consideration is presumed to pass at the making, and at each indorsement of the instrument, each party, liable to pay, is held responsible, as for so much money had and received to the use of the party who is, for the time, the holder, and entitled to recover. Shaw, C. J., Ellsworth v. Brewer, 11 Pick. 316; State Bank v. Hurd, 12 Mass. 172; Butler v. Wright, 20 Johns. 367. It will be seen, from the above citations, that there is great contrariety in the authorities, as to what shall be evidence under the money counts. The more modern English authorities, which, however, are not altogether consistent, limit the evidence to a money transaction between the parties on the record, whilst the American authorities give a more liberal view, and many of them require nothing more than an indebtment. In the case under consideration the plaintiff being the drawer of the bill, which the defendant accepted in favor of Lansing, and the plaintiff, being now the holder of the bill is, prima facie, entitled to recover. And we think that the acceptance is an admission by the acceptor, that he has received from the drawer the amount of the bill.

It is, however, contended that as the

---

[2] [Taken from 4 N. B. R. 408, (Quarto, 138.)]
[1] [Reported by Hon. John McLean, Circuit Justice.]

words "value received" are omitted in the bill, that it does not afford prima facie evidence of indebtment. But the law is well settled that, in a negotiable instrument, these words are not necessary. Grant v. Da Costa, 3 Maule & S. 352. A declaration on a bill of exchange was demurred to, because it was not stated to have been given for value received, but the court said it was a settled point that it was not necessary, and gave judgment for the plaintiff. Poplewell v. Wilson, 1 Strange, 264; Claxton v. Swift, 2 Show. 496, 497; Mackleod v. Snee, 2 Ld. Raym. 1481; Chit. Bills, (Ed. 1839,) 182. Where a note or bill is not declared on, but is used as evidence, under the money counts, it is said to be less conclusive than where the action is founded upon it. That it is used as a paper from which the jury may infer so much money was lent, paid, or had and received, or that an account was stated. Story v. Atkins, 2 Strange, 725.

The jury found for the plaintiff. Judgment.