## Case No. 7,683.

### KEMBLE et al. v. LULL et al.

#### [3 McLean, 272.] [1]

Circuit Court, D. Michigan. Oct. Term, 1843.

BILL OF EXCHANGE—ACCEPTANCE—EVIDENCE—ARREST OF JUDGMENT.

1. Where an order is drawn on A, in favor of B, if in funds, its acceptance by A, is evidence that he had in his hands funds of the drawer.

[Cited in McCormick v. Buckner, Case No. 8,718.]

[Cited in Pilkington v. Woods, 10 Ind. 434; Corbett v. Clark, 45 Wis. 411.]

2. On such an order B may maintain an action against A, and his admission of funds in his hands by the acceptance, shows a consideration.

3. Parol proof is not admissible to show the meaning given by the parties, to certain words in a written instrument, the words being free from ambiguity.

[Cited in Collender v. Dinsmore, 55 N. Y. 210.]

4. It is too late to offer evidence in chief after the testimony has closed.

5. Judgment will not be arrested where no consideration is specially alleged, if the instrument declared on purports a consideration, or shows upon its face that the assumpsit was for a valuable consideration.

[Cited in Loeber v. Moore, 20 D. C. 2.]

At law.

Mr. Joy, for plaintiff.
Mr. Romeyn, for defendant.

OPINION OF THE COURT. This action is brought upon the following instrument: "Pontiac, June 21st, 1841. $700. On the 13th day of May, 1842, pay to Kemble, Jewett & Co. seven hundred dollars, if in funds, and place the same to my account. W. J. Nelson." Directed to Messrs. Lull & Draper, and which was accepted by them. The first count was on the order, and the plaintiffs averred that when the same became payable, a demand of payment was made of the defendants, which was refused. There was also a general count for money had and received.

A general verdict for the plaintiffs was ren-

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

dered by the jury, and a motion is now made for a new trial, on points reserved.

1. The court has no jurisdiction. This is endeavored to be maintained on the assumed ground that Nelson is the assignor of the plaintiffs, and it is not shown, that he could have sued for the demand in this court, in his own name. Nelson is not an assignor in the sense contended. He gave an order on the defendants, in favor of the plaintiffs, for the sum in controversy, which was accepted. He is no more an assignor than the drawer of a bill of exchange is assignor to the drawee. It is the recognition of a debt by Nelson, due to the plaintiffs, and the defendants, by their acceptance, promise to pay to the plaintiffs the sum named.

2. It is contended the instrument is not a bill of exchange; that it does not purport a consideration, and that there is no promise to pay the plaintiffs. The acceptance is an undertaking to pay the amount of the order to the plaintiffs. As the order was contingent, on the fact of having funds, it is not a bill of exchange, nor has it the properties of such an instrument. But as the order was drawn on the funds in the hands of the acceptors, after their acceptance they cannot allege a want of consideration. At what time this order was accepted does not appear, but it is in evidence that funds of the drawer were in the hands of the acceptors at the time, and they were authorised to retain in their possession, the means to meet the draft. But whether this was done or not, they are equally bound to pay the money, and having incurred this liability to the plaintiffs, bona fide, and on a sufficient consideration, they cannot set up as a defence a want of consideration between the drawer of the bill and the plaintiffs. Robertson v. Fauntleroy, 8 Moore, 10; Lilly v. Hays, 5 Adol. & E. 550.

3. It is insisted that the court should have left the construction of the instrument to the jury; and should not have rejected parol proof offered to show what construction was given by the parties to the words, "if in funds." It is sufficient to say that the parol proof was not offered until the close of the testimony, when it was too late to offer evidence in chief. But the evidence was inadmissible, had it been offered at the proper time. The language of the instrument is not ambiguous, and it was the duty of the court to construe it.

4. A motion is also made in arrest of the judgment, on the ground that the special count is defective in not alleging a consideration. In this court the instrument is set out, and its acceptance, and this for reasons above stated, shows a consideration. The motions for a new trial and in arrest of judgment are overruled.