## Case No. 3,640.

DAVIS et al. v. M'CONNELL et al.

[3 McLean, 391.] [1]

Circuit Court, D. Illinois. June Term, 1844.

ACTION ON BILL OF EXCHANGE—PARTIES—DEFENSES.

1. Under certain circumstances. a suit may be prosecuted by the drawer of a bill of exchange, in the name of the payees, for the benefit of the drawer.

2. In such a case, payment of the bill by the drawer to the payees, is no bar.

3. The drawer having paid the bill to the payees, after the acceptors refused to pay it, had a right to sue the acceptors.

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

[This was an action at law by N. H. Davis & Co. against M'Connell & Vansyckel.]

OPINION OF THE COURT. This action is brought [by N. H. Davis & Co.] on a bill of exchange, drawn by F. Fielder on the defendants [M'Connell & Vansyckel], dated at St. Louis, 2d November, 1841, and accepted by them, for one thousand dollars, payable in four months. The suit is brought for the use of the drawer. The defendants pleaded, "that after the expiration of four months from the date of said bill of exchange and said acceptance, and after the same became due and payable, the same being unpaid by the acceptor aforesaid, they, the said plaintiffs, as payees of said bill of exchange, returned the same to the drawer thereof for payment: and the said drawer, then and there, after the said bill of exchange fell due and was unpaid, and before the commencement of this suit, on the 11th April, 1842, paid to the said plaintiffs the full amount of said bill, interest and costs due thereon, and then and there took up the same from the said plaintiffs: and that at the commencement of this suit the plaintiffs had no interest in said bill." &c. To this plea the plaintiffs demurred.

This suit is brought in the names of the plaintiffs, the payees, for the use of S. R. Fielder, the drawer of the bill. The plea, therefore, is no bar to the action. By the acceptance the defendants acknowledged an indebtedness to the drawer to the amount of the bill, but the drawer being liable to the payees, took up the bill on the failure to pay by the acceptors, and now prosecutes this suit in the names of the plaintiffs, to recover the amount from the defendants, the acceptors. The only doubt which would seem to arise on this demurrer is, whether the action can be maintained by the plaintiffs, under the circumstances of the case. The property in the bill is in Fielder, the drawer, he having paid to the holders the amount of it. In 2 Am. Com. Law, 324, it is said: "There is nothing in the law which forbids the holder of a negotiable note, after it has been indorsed, from using it in the name of another, with his consent, provided it is unattended with any circumstances of fraud and oppression. Nor is it unlawful for another person to institute such suit in his own name, with the privilege and consent of the party beneficially interested." And in Gage v. Randall, 15 Wend. 640, it is said the holder of negotiable paper may bring an action upon it in the name of a person having no interest in it; and it is no defence that the suit be thus brought without the knowledge, assent or authority of the nominal plaintiff.

To sustain the present suit, it is not necessary to sanction the extent of this authority. For the plaintiffs are named in the bill as payees, and by bringing the suit for the use of the drawer, they show for whose benefit they sue, and no injury can result to the de-

fendants from such a procedure. If they have any matter in bar or discharge, they may set it up, in this form of action, the same as if suit had been brought in the name of the drawer. The demurrer to the plea is sustained.