Ragsdale et al. v. Franklin et al.

---

DANIEL W. RAGSDALE et al. *vs.* FRANKLIN and KYLE.

A domestic bill of exchange, under our statute, is one drawn by a person in the State, or dated at a place in the State, and drawn on a person living therein.
A citizen of this State can, as well as any other person, accept a bill, payable out of the State, and by doing so he either gains or loses the difference of exchange between the place of his residence and place of payment of the bill.
It is the residence of the drawer and drawee which must determine whether the bill is domestic or foreign.

IN error from the circuit court of Monroe county; Hon. F. M. Rogers, judge.

The facts are contained in the opinion of the court.

*Potter*, for plaintiffs in error.

The question is, whether a bill drawn in this State, on a citizen of the State, and payable in Alabama, is a foreign bill. We say it is.

The intent of the parties was to pay in Alabama; that was the designated place of performance; and the time and mode of payment, and rate of interest, were to be regulated by the laws of that State.

A bill is foreign when made or payable abroad. Bayley on Bills, 21. Story says, " a bill of exchange is foreign which is not governed throughout by our own municipal jurisprudence." Story on Bills, 28, § 23. Where a bill is drawn payable at a particular place, payment must be demanded at that place. Chitty on Bills, 393. The place of payment governs. Story on Bills, 61, § 48; Bayley on Bills, 197.

As against the drawer or indorser, demand must be made at place of payment. 11 Wheat. 175, 176.

Clearly this bill must have been protested at Mobile, and that protest would have all the incidents of a foreign protest.

*Lindsey* and *Copp*, on the same side.

*Goodwin* and *Sale*, for defendants in error.

The question raised is, whether the bill sued is a foreign one, or a Mississippi domestic bill.

An inland bill is where " both drawer and drawee reside in the same State or country." Black. Com. Book 2, 467; Story on Bills, 27, § 22; Ibid. § 24.

In the case at bar, the bill was drawn by a resident citizen in the State at the time, upon a resident citizen, who, being likewise in the State at the time, accepted it here. Each party's contract was entirely a Mississippi transaction, done at home. The fact that the bill was payable at Mobile, did not change the local relations of the parties. In *Grimshaw* v. *Bender et al.*, 6 Mass. 157, the drawer resided at Manchester, England, and the drawees at Boston, though the bill was payable in London, and accepted at Manchester, where one of the drawees then happened to be; yet, Chief Justice Parsons permitted the fact of the domicil of the drawees being in Boston to override the consideration that the bill was accepted and payable in England, and accordingly decided it to be, in con-

formity with the local relations of the parties, a foreign bill. Vide also Story on Bills, 29, § 24, *supra.*

Under a similar state of facts the supreme court of New York, (*Foden* v. *Sharp*, 4 Johns. 183,) decided the bill to be an inland English one; but only because it was accepted there.

The question here is not one of conflict of laws, as to what rate of damages or interest shall attach; but whether it is a Mississippi inland bill. If it is, our statute settles the rate of damage here sued for and recovered.

Mr. Justice FISHER delivered the opinion of the court.

This was an action of assumpsit in the circuit court of Monroe county, founded upon a bill of exchange drawn by Samuel J. Gholson of the town of Aberdeen, on Daniel W. Ragsdale of the same place, payable at the Bank of Mobile, Alabama, and by him accepted.

The court below instructed the jury, that if they found the defendants liable on the bill, that the plaintiff was entitled to recover five per cent. damages on the amount thereof. This instruction is alleged to be erroneous, and presents the only question in the record for our consideration.

The point in controversy is, whether the bill is a domestic bill within the meaning of the statute of 1837. By the fifth section of the act of 23d of June, 1822, it was provided that every bill of exchange of the sum of $20 and upwards, drawn, or which might thereafter be drawn in, or dated at and from, any place in this State, upon any person or persons, &c., within the State, should, upon protest for non-acceptance or non-payment, be liable to damages at five per cent., &c. R. C. 463. The second section of the act of 1836, repealed this law. The act of 1837, not in language, but in effect, repealed the 2d section of the act of 1836, and thus revived the act of 1822, which clearly defines what is intended by a domestic bill. It is, under the statute, a bill drawn by a person in the State, or dated at a place in the State, on a person therein. This is clearly the meaning of the act of 1822, and is what the legislature, in 1837, meant by domestic bill. This meaning will become the more apparent by reference to other parts of the act of 1836, giving

damages on bills drawn by a person in the State, on a person in another State within the United States; and the act of 1837 repealing this provision, in Hutch. Code, 642.

A citizen of the State can, as well as any other person, accept a bill payable out of the State. He, by so doing, either gains or loses the difference of exchange between the place of his residence, and place of payment of the bill. It may be to his interest to make such a contract; but be this as it may, we are well satisfied that it is the residence of drawer and drawee which must determine whether the bill is domestic or foreign. We decide nothing as to the rule of the commercial law on this subject, but only what is the fair construction of our statutes.

Judgment affirmed.