May Term,
1858.

PILKINGTON
v.
WOODS.

(1) Counsel for the appellant cited *Denby* v. *Hart*, 4 Blackf. 13; *Smith* v. *The Trustees*, 5 *id.* 40; *Campbell* v. *Fleming*, 1 Ad. & El. 40; 2 R. S. p. 344, No. 12.

---

## PILKINGTON *v.* WOODS.

If the acceptor of a bill of exchange fail to pay, and the bill be returned to the drawer, the latter may sue the former for non-payment.

The acceptance of a bill raises a presumption that the acceptor has funds of the drawer in his hands; and where a drawer makes a bill payable to a third person, it is an acknowledgement that he owes that person.

Upon the failure of an acceptor to pay, if the bill be found in the hands of the drawer with the blank indorsement of the payee upon it, the presumption is that he has discharged his debt to the payee, and that he is entitled to enforce the acceptance of the drawee.

In an action founded upon the return of a bill for non-payment by the acceptor, if the bill be shown to have been once in circulation, it will be presumed that it came back into the plaintiff's hands by payment, in the regular course by which dishonored paper goes back to the original parties, and that he holds the same in good faith; and he may recover though there be one or more in-dorsements in full upon it, subsequent to the one to him, and he may strike out such indorsements.

The indorsement of the payee is presumptive evidence that a bill has been in circulation.

*Saturday,*
*June 19.*

APPEAL from the *Wayne* Court of Common Pleas.

HANNA, J.—This was an action by *Woods* against the appellant. The complaint contained two paragraphs—

1. For money paid, &c.

2. As follows: "That on, &c., the plaintiff made his bill of exchange and directed the same to said defendant, a copy of which bill is herewith filed, and thereby directed the said defendant to pay to the order of *William McCord*,

in sixty days after date, at the *Citizens' Bank of Richmond,* the sum of one hundred and thirty-eight dollars, which the said defendant accepted, and promised to pay the same, yet he failed to pay the same when it became due, upon presentation at the place where payable, but the same remains wholly unpaid and due, and he avers that he took up and paid the same, wherefore he demands judgment for two hundred dollars."

May Term, 1858.

PILKINGTON
v.
WOOD.

A copy of the bill is set out, together with the acceptance and indorsement of *McCord,* and also the following: "I assign this note to *A. Lashley* without recourse on myself or *William McCord. December* 24, 1856. *C. J. Woods.*"

There were separate demurrers to the paragraphs of the complaint—to the first, that it was insufficient, &c.; to the second, defect of parties plaintiff, that it is insufficient, &c.

There is much confusion in the record as to the final disposition of the demurrer. The entry is, that it was sustained as to the " first and last clause of the complaint," and overruled as to the second; that the plaintiff was required to amend, and the defendant to plead over, and each party excepted. No amendment appears to have been filed, but, thereupon, the defendant answered as follows:

1. General denial to first paragraph.

2. Partial failure of consideration to second paragraph.

3. General denial to said paragraph.

4. Generally, that the plaintiff is not the real party in interest.

To these answers there was a general denial, by way of reply, filed.

Trial by the Court, finding and judgment for the plaintiff for 143 dollars and 2 cents.

It is insisted by the appellant, that the Court erred in overruling the demurrer to the second paragraph of the complaint, as well as in the amount of the judgment, and in overruling the motion for a new trial.

The argument is, that the second paragraph is founded upon the bill of exchange, and is bad for two reasons: first, that upon the failure of the acceptor to pay, and the return of the bill to the drawer, he had no legal right to sue; and

secondly, if he had, he transferred that right to *Lashley* by his assignment.

A bill of exchange was made payable to the order of the drawers, and accepted by the drawees payable at a particular place. In a suit by the drawers against the survivor of the acceptors, he plead the general issue under oath. It was held that the plaintiffs could recover. *Gamble et al.* v. *Grimes*, 2 Ind. R. 392. See Byles on Bills, 153; *Id.* side p. 132. This appears to be the recognized doctrine in *Callow* v. *Lawrence*, 3 M. & Sel. 95; *Bartrum* v. *Caddy*, 9 Ad. & El. 275; 36 E. C. L. R. 138; *Hubbard* v. *Jackson*, 14 E. C. L. R. 241; *Beck* v. *Robley*, 1 H. B. 89 n; *Fentum* v. *Pocock*, 1 E. C. L. R. 72; *Byrne* v. *Schwing*, 6 B. Monroe, 199; *Kemble* v. *Lull*, 3 McLean, 272; *Stowe* v. *Logan*, 9 Mass. R. 60; *Davis* v. *McConnell*, 3 McLean, 391.

These authorities also establish the principle, that the acceptance of a bill raises the presumption that the acceptor has funds of the drawer in his hands.

In theory, the acceptance of the bill was an acknowledgment by the acceptor that he owed the drawer, and the drawer having made the bill payable to a third person, it was an acknowledgment that he owed that person, called the payee. Upon the failure of the acceptor to pay, and the bill after maturity being in the possession of the drawer, with the blank indorsement of the payee upon it, the presumption would be that he had discharged his debt to the payee, and was entitled to enforce the acceptance of the drawee.

As to the right of *Wood* to sue in his own name, it is well settled that in actions founded on the return of a bill for non-payment by the acceptor, if it is shown that the bill was once in circulation, it will be presumed that it came back into the plaintiff's hands, by payment, in the regular course by which dishonored paper goes back to the original parties, and that he is to be regarded as holding the same in good faith, and may recover, although there may be on it one or more indorsements in full, subsequent to the one to him, which he may strike from it or not, as he may think expedient. *Dugan* v. *U. States*, 3 Wheat. 172, 4 Curtis,

192.—2 Greenl. Ev. § 169.—3 McLean, 392. And the indorsement by the payee is presumptive evidence that it has been in circulation.

There was no evidence outside of the bill and indorsement, and, therefore, an absence of proof that the bill had been delivered to *Lashley*. This was necessary to complete the transfer of property in the bill. Byles on Bills, 116.— 12 Ad. &. El. 455.—40 E. C. L. R.

For these reasons, the right remained in *Wood* to sue.

We see no error.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*C. H. Test, N. H. Johnson* and *J. M. Wilson*, for the appellant.

*O. P. Morton* and *J. F. Kibbey*, for the appellee.