## Coursin *versus* Ledlie's Administrators.

It is not essential to the validity of a bill of exchange that it be in form negotiable ; nor that it should contain the words "for value received."

If it be for the absolute payment of money, at all events, it will not invalidate it, if the fund on account of which it is drawn be named as a means whereby the drawee is to be indemnified.

Such direction as to the mode of reimbursement, does not negative the ordinary presumption of funds in the hands of the acceptor belonging to the drawer.

The drawer of a bill of exchange, not negotiable on its face, to whom it has been returned, in default of payment by the acceptor, may maintain an action thereon against the acceptor in his own name, without the endorsement or assignment of the payee.

ERROR to the District Court of *Allegheny county*.

This was an action of *assumpsit* by Benjamin Coursin against Samuel Gormley and John Willock, administrators of George Ledlie, deceased, on a bill of exchange for $3000, drawn by the plaintiff on the defendants' intestate, and by him accepted.

The following is a copy of the instrument on which the plaintiff brought suit :—

"Mr. George Ledlie,

"Sir : Please pay to Wm. L. Miller, three thousand dollars, and I will apply the amount, first, to the satisfaction of judgment of E. Percival *v.* R. & Wm. Cunningham, No. 40, July Term, 1852, in the District Court, and the balance to mortgage of Harvey H. Peterson to me, dated May 4, 1846, and oblige,

B. COURSIN."

"Accepted, November 12, 1855.

G. LEDLIE."

The plaintiff declared,—1. On a bill of exchange, by the drawer against the acceptor. 2. On Ledlie's promise to pay $3000 to W. H. Miller, in consideration of plaintiff's promising to apply it, when paid, to the judgment and mortgage; and plaintiff's readiness so to apply it, whenever it should be paid to Miller. 3. On Ledlie's promise to pay plaintiff the amount of the judgment and mortgage which were liens on real estate purchased by him. 4. On Ledlie's promise to pay the judgment, in considera-

[Coursin *v.* Ledlie's Administrators.]

tion of forbearance to proceed against his lands. 5. On the common counts.

The defendants pleaded *non assumpsit*, and payment with leave, &c.

The plaintiff gave in evidence the instrument declared on; also, the judgment therein mentioned of Percival *v.* Cunningham for $1628.33, entered 29th April 1852, and assigned to the plaintiff on the 23d June 1852. He also gave in evidence, under exception, the following paper, for the purpose of showing the consideration for Ledlie's acceptance:—

"Whereas, Benjamin Coursin is the holder and owner of two certain claims which are a lien on what is called the Peterson farm on the Monongahela, about half a mile below Lock No. 3. Said liens are as follows, to wit, a certain mortgage on said farm dated May 1, 1846, given by Harvey H. Peterson to B. Coursin, to secure the payment of a bond of that (date) for the sum of $2283.65, to be paid as follows, viz.: $761.21⅔ on the 1st day of April 1848, and the same amount on the 1st day of April 1850, and same amount on the 1st day of April 1851; and pay the interest accruing on the first day of April in each and every year, on such portion of said debt as may be unpaid. Also judgment of E. Percival *v.* R. & W. Cunningham, No. 40 of July Term, 1852, in the District Court of Allegheny county.

"And whereas, I, George Ledlie, have an interest in the property on which said claims are liens, and in consideration of the forbearance of said Coursin to sue on said claims as the same are due, I do hereby agree that in the final settlement of said claims, I will allow the interest on the same annually to be considered, if not paid, or has not been paid, as so much principal, and I will pay six per cent. interest on that interest, and so on from year to year, as long as said Coursin shall delay his demand of payment.

G. LEDLIE."

The defendants offered no evidence, but requested the court to charge the jury that the plaintiff was not entitled in law to recover. The court reserved the question of law, and directed the jury to find for the plaintiff, for the amount which it was admitted was due upon the judgment, subject to the opinion of the court upon the point reserved.

There was a verdict, accordingly, for $2162.26; and the court below, subsequently, being of opinion that the present action could not be maintained, entered judgment for the defendants, upon the reserved point, *non obstante veredicto.* The plaintiff thereupon removed the cause to this court, and here assigned the same for error.

*G. P. Hamilton* and *C. Hasbrouck,* for the plaintiff in error.—

[Coursin *v.* Ledlie's Administrators.]

The paper was a good bill of exchange, though not negotiable: *Story on Bills,* § 60, and note; *Bayley on Bills* 33, 34; *Chitty on Bills* 159; *Cunningham on Bills* 113; Kendall *v.* Galvin, 3 *Shepley* 131. Stating in a bill a particular fund from which the drawee is to be reimbursed will not vitiate it: Kelley *v.* Mayor, 4 *Hill* 263; Leonard *v.* Mason, 1 *Wend.* 522.

The drawer of a bill may maintain an action thereon against the acceptor, though it has not been endorsed by the payee: Zebley *v.* Voisin, 7 *Barr* 527; *Chitty on Bills* 537; Simmonds *v.* Parminter, 1 *Wils.* 185; Kingman *v.* Hotaling, 25 *Wend.* 423.

The acceptance of a bill is evidence against the acceptor, under the money counts, in an action by the drawee: Benjamin *v.* Tillman, 2 *McLean* 213; Byrne *v.* Schwing, 6 *B. Munroe* 199; *Byles on Bills* 215; 1 *Pars. on Cont.* 211.

If not a bill of exchange, the paper conferred on Miller, the payee, no right of action in his own name; he must have sued in the name of Coursin for his use: Gillespie *v.* Mather, 10 *Barr* 30; Fahnestock *v.* Schoyer, 9 *Watts* 102; Jackson *v.* Tilghman, 1 *Miles* 31. And if so, why may not Coursin sue for his own use after it has been returned to him?

*Selden & Burgwin,* for the defendants in error.—We do not deny the validity of the bill on which suit is brought; nor do we claim that it is vitiated by the want of negotiable words; but we do contend that in the absence of words of negotiability it can only be sued on in the name of the payee: 1 *Bouv. Law Dic.* tit. *Bill of Exchange;* 2 *Id.* tit. *Negotiable Paper; Story on Bills* 60; Gerard *v.* La Coste, 1 *Dall.* 194; Barriere *v.* Nairac, 2 *Id.* 249 (this case was cited and approved in Leidy *v.* Tammany, 9 *Watts* 358); Reynolds *v.* Richards, 2 *Harris* 205; Bircleback *v.* Wilkins, 10 *Id.* 28; Esling *v.* Zantzinger, 1 *Id.* 50.

Simmonds *v.* Parminter, 1 *Wils.* 185, is the sole authority on which all the cases cited by the plaintiff in error, avowedly depend; and the ground for the decision there, was expressly held to this, that the consideration for the defendant's promise was averred in the *narr.* to be, that the plaintiff, by reason of defendant's neglect to pay, was obliged to pay, *and did pay the bill.* This, the court held to be a good consideration to raise the promise. There is no such averment in the plaintiff's declaration here, nor was there any proof offered to that effect on the trial.

The opinion of the court was delivered by

THOMPSON, J.—It is not essential to the validity of a bill of exchange, that it be in form negotiable. An endorsement on a bond ordering the contents " to be paid to order for value received, is a good bill of exchange:" 1 *Bay* 66. The words " for value

[Coursin v. Ledlie's Administrators.]

received" are held not essential: Benjamin v. Tillman, 2 *McLean* 213 ; 3 *Metcalf* 363 ; 3 *Rich.* 413.

If it be for the absolute payment of money, at all events, it will not invalidate it, if the fund, on account of which it is drawn, is named as a means whereby the drawee is to be indemnified: 3 *Marsh.* 184 ; 2 *Greenl.* 123 ; 4 *Hill* 263 ; 2 *Sandf. Sup. C. Rep.* 328 ; 2 *Maine Rep.* 442 ; 25 *Miss. Rep.* 143 ; *Byles on Bills* 74 (note).

The paper, therefore, in evidence in this case, although not in negotiable form, may be treated as a bill of exchange. And a material inquiry arises to be considered, as to the right of the plaintiff, the drawer, to sue the acceptor, in his own name, the bill having been returned to him by the payee in default of payment by the acceptor. That he may do so, seems to have been settled in the affirmative, in every case I have been able to find, where the point was distinctly made. The case of Simmonds v. Parminter, 1 *Wilson's Rep.* 185, in the King's Bench, before LEE, C. J., and associates, determined after much consideration by that court, and affirmed upon a writ of error in the House of Lords, is the first precedent cited in argument, or that I have discovered for this position, and it fully affirms it. The same doctrine is to be found in *Chitty on Bills* 537, for which is cited Simmonds v. Parminter. See also 4 *Bro. P. C.* 604; Louviere v. Laubray, 10 *Mod.* 36 ; *Chitt. Jr.* 230. In Kingman v. Hotaling, 25 *Wend.* 423, the same doctrine is held: NELSON, C. J., after citing Simmonds v. Parminter, saying, that the plaintiff in that case was held to be entitled to recover without taking title under the payee. So in Zebley v. Voisin, 7 *Barr* 527, the plaintiff recovered in exact accordance with this doctrine. There was no assignment by the payee, and the point was directly made, that the suit must be in the name of the payee for the use of the drawer, the plaintiff; but the objection was overruled, the court declaring, in affirming the plaintiff's right to sue, in his own name, that the " drawer was in fact and in law the legal plaintiff." In Simmonds v. Parminter, the plaintiff declared upon the bill as within the custom of merchants, and recovered, as we have seen. So here, in addition to the special counts on the bill, there are also the common money counts, upon which, as for money had and received, the plaintiff might recover if the evidence entitled him so to do. That it did, I cannot doubt, for it is settled, in innumerable cases, that the acceptance of a bill is an admission of funds of the drawer in the hands of the acceptor: 6 *B. Monroe* 179 ; 4 *Dev.* 358 ; 2 *Wheat.* 385 ; 3 *Shepley* 131 ; 3 *McLean* 272 ; 2 *Eng.* 321 ; 2 *Br.* 56 ; 9 *Watts* 359 ; *Byles on Bills* 245. There was, however, no objection in the court below as to the sufficiency of the *narr.*, the pleas being *non assumpsit* and payment with leave.

The remaining point for our determination in this case is,

whether the bill in question, on its face, negatives the ordinary presumption of funds in the hands of the acceptor, belonging to the drawer? There was evidence in the case to show that Ledlie was the owner of the property upon which the judgment and mortgage referred to in the bill rested,—that it was due and owing to Coursin. This was independent of the bill. The bill itself proved the same thing. What then was the bill other than a draft on a debtor who had funds in his hands of the drawer? The reference to the satisfaction of the judgment and mortgage was, at most, but an instruction or direction to the drawee as to the manner and mode of reimbursement. In *Bayley on Bills* 34, it is laid down that a direction for reimbursement does not vitiate the bill. It was then a bill drawn on an acknowledged debtor and accepted by him. That the acceptor could not set up want of consideration, is established by the cases of Fisher *v.* Beckwith, 19 *Vermont Rep.* 31; Walker *v.* Sherman, 11 *Metcalf* 170. After careful consideration of the whole case, we think the plaintiff was entitled to recover, and we think the court erred in entering judgment for the defendant *non obstante veredicto*.

> Judgment reversed, and judgment to be entered for the plaintiff on the verdict.

STRONG, J., dissented.