PETER HERTER, PLAINTIFF IN ERROR, v. THE GOSS &
EDSALL COMPANY, DEFENDANT IN ERROR.

1. All that is necessary as between the acceptor and the drawee of a draft
   or order to constitute à good consideration for the acceptance is that
   there should already be in existence a fund in the hands of the
   acceptor upon which the draft is by the acceptance chargeable. If the
   fund be in existence at the time of the acceptance, the liability of the
   acceptor becomes at once fixed and absolute. If the acceptance be
   conditional, and by the condition chargeable on a fund not yet in
   existence, but to be created, then the liability on the acceptance only
   ensues when the condition is complied with or performed.

2. The condition may be contained within the terms of the draft or order
   so accepted, and when this is so the condition becomes a part of the
   acceptance, and liability occurs only upon the performance of the
   condition.

3. Where C. entered into a written contract for the erection of a building
   for H., the owner, and C. gives an order on H. in favor of G., who
   was furnishing materials for the erection of the building, in payment
   or security for such materials, payable when the next payment on the
   contract becomes due, which order was accepted by H. in order that
   C. might make such payment or give such security, and also to obtain
   credit for a further supply of materials for the same purpose, and
   the facts being known to H.—*Held*, that the object of the acceptance
   being to assure the further progress of the completion of the contract
   for the erection of the building that it established a good consider-
   ation as between H., the acceptor, and G., the drawee, for the accept-
   ance, and that upon the completion of the contract to the next pay-
   ment H. became liable to pay the order thus accepted, and that it

was immaterial whether the contractor performed the remainder of the contract or not.

4. If the acceptor of such an order chose to pay the contractor for the erection of the building as if he had completed the contract to the next payment, he would be estopped from denying his liability in an action upon the acceptance when it became due and payable; and so where an order is drawn upon a fund to be paid upon the happening of a condition, which order is accepted, the acceptor cannot, either by his own act or by acting in collusion with the drawer of the order, defeat the condition, and then set up such defeasance as a defence to an action upon the acceptance.

On error to the Hudson Circuit Court.

Upon the trial it appeared that one George J. Carey, a contractor, on March 2d, 1892, entered into a written contract with the defendant in this action, the plaintiff in error, as owner, to furnish the materials therefor and perform the masonwork of a house on the corner of Eldridge and Delancey streets, in the city of New York, in accordance with the contract and agreeably to the plans and specifications thereto annexed. Carey agreed to finish the work on or before October 2d, 1892, for the sum of $17,000, to be paid to him by the defendant in eight payments. The first four payments were to be $1,000 each; the fifth payment was to be $4,000; the sixth payment, $2,000; the seventh payment, $6,000, and the balance of $1,000, thirty days after the completion of the building. Carey proceeded in the performance of the contract and received the first four payments; the fourth payment of $1,000 was paid to him on June 11th, 1892. On the same day he also received $400 on account of the fifth payment, leaving $3,600 unpaid on this latter payment.

During the progress of the building up to this point, Carey had become indebted to the plaintiff in this action, the defendant in error, for brick sold and furnished to him by the plaintiff, and used in the erection of this house, in the sum of $1,474.61. The plaintiff was pressing Carey for payment, and declined to sell or furnish him any more brick unless payment was made of the indebtedness or security given

therefor. These facts were communicated by Carey to the defendant, and on June 22d, 1892, Carey gave to the plaintiff an order on the defendant, which was on the same day accepted by him. The order and acceptance is as follows, to wit:

"NEW YORK, June 22, 1892.

"*Messrs. Goss & Edsall Co.,*

"DEAR SIRS—I hereby give you an order of $1,474.⁶¹/₁₀₀, one thousand four hundred and seventy four dollars & sixty one cents, to Mr. Peter Herter payable when next payment, on corner of Eldridge & Delancey Str's will be due, according to my contract.          Yours Respy,

"(Signed)          GEORGE J. CAREY.

"Accepted June 22, 1892.

"PETER HERTER."

The next payment under the terms of the contract was the fifth payment of $4,000. The evidence is that on June 22d, the date of the acceptance of the order, Carey delivered it, with the acceptance written thereon, to the plaintiff. The defendant himself wrote the order, had it copied for Carey and Carey signed it, then the defendant wrote his acceptance thereon and gave it to Carey, who, on the same day, delivered it to the plaintiff, who afterwards continued to sell and furnish Carey with brick, which were used in the further progress of the erection of the building, of which the defendant had full knowledge. Carey at this time had made some progress in the performance of his contract to the next or fifth payment of $4,000. The defendant, before the acceptance of this order, had paid Carey the sum of $400 on this payment. Carey continued furnishing labor and materials to complete the contract to the next payment. On June 25th, 1892, three days after this acceptance, the defendant paid Carey the sum of $1,400 on account of this payment, and on July 9th following he paid Carey the further sum of $1,400, and on the same day a still further sum of $200. Both these latter pay-

ments were also made and credited on account of this payment, and made without notice to or the knowledge of the plaintiff,. thus nearly exhausting the next or fifth payment as men-- tioned in the order and acceptance of June 22d, 1892. On July 23d, 1892, Carey claimed to have completed the con- tract to this payment as provided in his contract. This claim of Carey was not at the time at all disputed by the defendant,. and the facts clearly show that there was an entirely substan- tial, actual completion of the contract by Carey to this pay- ment. On or soon after July 23d, disputes arose between the defendant and Carey. The defendant prevented the further completion of the contract by Carey, and upon notice to him the defendant proceeded to complete the contract, and, as he alleges, at a loss to himself. On July 23d, the defendant promised the plaintiff to pay the amount due to him upon the acceptance of this order, but postponed the payment until July 25th. On this latter date he again promised payment to the plaintiff, but wished to delay it until some investiga- tions were made by him in relation to the affairs of Carey in relation to the contract. On July 28th, the defendant noti- fied the plaintiff that he wished the plaintiff to proceed to complete so much of the contract as would entitle it to the amount of the order, and on August 3d the defendant notified the plaintiff that he should proceed to complete the work, and has since that time either neglected or refused to pay the order in question. The fact appears in this case that, on June 23d, 1892, the day after the acceptance of the order, Mr. Edsall, for the plaintiff, informed the defendant that the plaintiff would stop furnishing any more brick to Carey unless assured by the defendant that everything was satisfactory to the defendant in the operations of the erection of the building by Carey, and that no other orders had been accepted. This assurance was given by the defendant.

There existed a clause in the contract that if workmanship or materials were not satisfactory, or for other reasons, the defendant could, upon notice to Carey, proceed to complete

the contract, at the expense of Carey, deducting the cost from the later payments.

The defendant alleges, or attempts to allege, that the contract was not completed to the fifth payment by Carey, and that he completed it under the contract at considerable expense, but the evidence shows a clear and substantial performance by Carey, distinctly recognized by the defendant, both as matter of fact, and by the payment of $3,400 to Carey on account thereof.

Upon these facts being found by the trial court to be undisputed, a verdict was directed in favor of the plaintiff for the amount of the order, with interest. To this direction an exception was taken and allowed, and judgment on the verdict removed into this court by a writ of error.

Argued at the November Term, 1893, before BEASLEY, CHIEF JUSTICE, and Justices MAGIE, GARRISON and LIPPINCOTT.

For the plaintiff in error, *William D. Daly.*

For the defendant in error, *Dickinson, Thompson & McMaster.*

The opinion of the court was delivered by

LIPPINCOTT, J.    The first objection made to recovery here is that this order and acceptance was without consideration. This was made an objection upon argument and in briefs of counsel. The undisputed facts show that Carey was indebted to the plaintiff at the time the order was given, in the amount therein named, which indebtedness was already due and payable, and so recognized by the defendant. Such indebtedness was a good consideration, as between the drawer and drawee, for the order upon the defendant in favor of the plaintiff. If the draft and acceptance had been absolute, the rights of all the parties to it would at once have been concluded and fixed, but as it was conditional, in order to be enforced against the defendant as acceptor, it need only be established that the

condition had been performed. And so far as the question of consideration moving between the acceptor and the drawee was concerned, this was all that was necessary to create liability on the part of the acceptor, so long as there was in existence, or to be in existence in his hands, a fund out of which the order could be paid. In a practical aspect, as a contract, the acceptance of the order or draft operates as the transfer of cash by credit—the credit becomes the consideration. The acceptor is a stranger to the contract until acceptance. The acceptance is the assent to the proposition contained in the draft, which, on its part, is an offer, and which offer and assent constitute a contract right or relation between the parties. *Nort. Bills & N.* 70; *Swope* v. *Ross*, 40 *Pa. St.* 186. This sort of conditional acceptance is founded upon a good consideration, whenever the condition of the acceptance be performed, and that it then becomes valid between the parties cannot be questioned. *Dan. Neg. Inst.*, § 508; *Wintermute* v. *Post*, 4 *Zab.* 420; *Hunton* v. *Ingraham*, 1 *Strobh.* 271; *Campbell* v. *Pettengill*, 7 *Greenl.* 126; *Moreton et al.* v. *Clark*, 3 *Cush.* 376; *Worden* v. *Dodge*, 4 *Den.* 159; *Percy* v. *Harrington*, 2 *Metc.* 386; *Kellogg* v. *Lawrence, Hill & D.* 332; *Kemble* v. *Lull*, 3 *McLean* 272.

One of the objects of the acceptance here in this case was to assure the completion of the work on the house mentioned in the contract, and to further the completion of the contract, which was quite enough to establish a good consideration. *Gallagher* v. *Nichols*, 60 *N. Y.* 449.

The defendant also contends that the court should have permitted the question of fact, whether or not the contract was performed by Carey to the next or fifth payment to have been passed upon by the jury.

The condition of the acceptance of the order was that it should be "payable when the next payment * * * will be due according to my contract." It was not a part of the conditional acceptance that Carey should personally perform the contract, but only that the next payment should become due under the contract or that the contract should be per-

formed to the next payment, yet it may be assumed that the true interpretation of the contract of acceptance was that it should be due and payable only when Carey should perform his contract to the next payment. Still, the order drawn upon this payment contained but one condition, that it would be paid when the next payment became due under the contract—that is, when Carey should have performed his contract to that payment—and that out of that payment so earned the order should be paid. It was accepted by the defendant, and the plaintiff only assumed the risk of the compliance with or performance of this one condition, and not the compliance with or performance of some other or additional condition, and when this one condition was performed the acceptor became absolutely bound to pay the order. It is true that the burden was upon the plaintiff to show compliance with the condition, but no other condition could be imposed other than that contained in the order. The order and acceptance contained the entire contract.

The fact is undisputed that either Carey or the defendant, as his agent, or both of them together, under the provisions of this contract for the erection of this building, completed it to this payment. This completion was recognized by the defendant by payment to Carey of the amount. During the progress of the work to this payment, and before July 23d, the date of completion, the defendant actually paid to Carey the sum of $3,400 on account thereof, $3,000 of which was paid after and in the face of his acceptance of this order, and before the acceptance became due and payable, and this was done without notice to or the knowledge of the plaintiff. It will be observed that up to this time the defendant in nowise claimed that there had occurred any breach of the contract on the part of Carey. There had been no rescission or cancellation of the contract whatever. All of the transactions between Carey and the defendant up to this time, as well as those occurring subsequently, distinctly recognized the continuousness of the contract. The liability depended upon the acceptance—the acceptance upon the continuance by Carey

until the next payment should become due, and even if the defendant substituted himself in the place of Carey, either for the purpose of his own protection or to insure the payment of the order, or for the more complete performance of the contract, still these are matters which cannot excuse his liability upon his acceptance of this order, especially in the absence of notice to, or in the absence of knowledge on the part of, the plaintiff of such action on the part of the defendant. The order was based upon a valuable consideration, and upon the performance of the contract to the next payment, the acceptance became due and enforceable for the amount thereof, and it would be entirely immaterial whether the contractor failed to perform the remainder of his contract or not; such fact of failure could not be set up as a defence to a suit upon the acceptance. Either by the contractor, or by the defendant as agent for the contractor, the contract was completed to the next payment, and thus the acceptance became due. The substantial completion to this payment was all that was required in the face of this order. *Crouch* v. *Gutmann*, 134 *N. Y.* 45.

The owner, although under no obligations to do so, having completed a building according to the contract, the contract continued in operation through the action of the owner, and the building was held liable to a lien. *Van Clief* v. *Van Vechten*, 130 *N. Y.* 571.

The owner, under these circumstances, could not assert a forfeiture of the contract. *Murphy* v. *Buckman*, 66 *N. Y.* 297.

The contract was still in force, and so assumed by the owner by his election to do the work under the contract. *Gillen* v. *Hubbard*, 2 *Hilt.* 304; *Kenney* v. *Apgar*, 93 *N. Y.* 539, 551; *Graf* v. *Cunningham*, 109 *Id.* 369, 372.

It will also be observed that, besides the recognition of the defendant of the completion of this contract to the next payment, by his payments to Carey after the acceptance of this order, he distinctly, by the provision of his own contract, agreed that in case of non-performance by Carey, rendering it necessary for him to complete the contract or any part

thereof, the cost of such completion should be deducted from later payments to be made under the contract. The pretence that there was expense on his part in completion of the building to the fifth payment, or the payment out of which this order was to be paid, is not borne out at all by an examination of the evidence. He did not at any time declare the contract forfeited, or declare a breach of it on the part of Carey. His action towards the plaintiff in refusing to pay his acceptance was prompted by the fact that he had paid to Carey the moneys, which, after his acceptance of the order, should have been reserved for the purpose of satisfying his liability on the acceptance.

Under the undisputed facts and the law arising thereon, the trial court was compelled to determine that the contract had been completed to the next or fifth payment, and that the condition of the acceptance had been fulfilled with the consequent liability of the defendant.

But upon the conceded facts of this case, there appears another ground upon which the right of recovery can be firmly based. After the acceptance of this order, to become due and payable, according to its terms, out of the next payment of $4,000, the defendant almost immediately, either in collusion or agreement with Carey, set about exhausting the fund or payment upon which, by his acceptance, he had created the charge of the payment of the order. He paid at least $3,000 of that payment to Carey after his acceptance. The defendant, by his acceptance, set apart so much of that payment as would be sufficient to satisfy his acceptance. It was an assignment of so much of this payment as was required to satisfy the order. He disregarded the terms of the order which he accepted, and dispersed the fund out of which it was payable. He, by these payments to Carey, defeated compliance with the condition, and in doing this, and in disposing of the fund contrary to his acceptance, estopped himself from denying his liability for the amount of the order upon his acceptance. By his own act he disposed of the fund upon which he had created a charge by this acceptance. Out

of the payment of $4,000, upon which this order was charged at the time of the acceptance, he had paid $400, thus leaving $3,600 upon which the order was a charge. On June 22d he accepted this order. On June 25th, after the acceptance and delivery of it to the plaintiff, he paid to Carey the sum of $1,400. On July 9th, he paid a further sum of $1,600. These payments were charged to the fifth payment, and without notice to or knowledge of the plaintiff of the payments or of his intention to make them.

It was conceded as a fact in the case that this payment, under the contract, was to be treated as a fund out of which this order was payable by the acceptance, and under these facts the defendant cannot escape liability.

In *Hunton* v. *Ingraham*, 1 *Strobh.* 271, the acceptance was " when in funds," and when funds of the drawer came to the hand of the acceptor he attempted to apply them to the payment of a debt existing at the time of the acceptance, due to the acceptor from the drawer, and which was sufficient to exhaust the draft, and that, therefore, he was not bound upon the acceptance, but the court held otherwise, and that this defence was adding another condition to the acceptance.

In this case, the act of the acceptor in making payments to Carey was a defeasance of his own acceptance, and in the case of *Newhall et al.* v. *Clark*, 3 *Cush.* 376, it was said that for any interference on the part of the acceptor as would prevent the contractor from going on to complete his work so as to make the acceptance payable, a special action might lie against the acceptor for the consequent loss to the holder of the accepted order.

Where a party gives to another an order, for a valuable consideration, payable out of a fund not then in existence, such party cannot by his own act prevent the creation or realization of the fund and then interpose the absence or failure of it as a defence to an action upon the order. So, where an order is drawn upon a fund, to be paid upon the happening of a condition, which order is accepted, the acceptor cannot by his own act defeat the condition, and then set it up

as a defence in an action upon his acceptance. *Risley* v. *Smith*, 64 *N. Y.* 576; *Gallagher* v. *Nichols*, 60 *Id.* 438, 448.

This payment was by the parties treated as a fund in existence, in the possession of the acceptor, to be transferred to the plaintiff upon the happening of a condition. The acceptor could not by his act defeat the condition and then set it up as a defence to the plaintiff's claim when sued upon the acceptance. The fund was to be transferred to the plaintiff upon the performance of a certain condition, and the parties cannot defend by setting up their joint voluntary non-performance. The transaction defines the obligations of the respective parties. The drawer and acceptor certainly incurred some obligation by what was done; they were parties to the scheme to pay the plaintiff, and that scheme was embodied in the draft and acceptance. The plaintiff to this action understood that the order was to be paid through this scheme, and the other parties must have intended that that payment would be made in this manner. It cannot be supposed that either of the other parties intended to reserve the right to nullify the scheme at will at any time. It was a part of the scheme that the other parties should perform all their obligations then entered into to create, preserve and transfer the fund drawn upon, and they each assumed an obligation under the order and acceptance to the plaintiff to act in good faith toward it in carrying out the scheme, and not to defeat it by any mere default or by any act contrary to the tenor and effect of the contract. *Burtis* v. *Thompson*, 42 *N. Y.* 246; *Gallagher* v. *Nichols*, 60 *Id.* 438, 448.

The order for the payment of $1,474.61 by the contractor, and its acceptance by the owner, to become due and payable out of the next payment, constituted an equitable assignment *pro tanto*, and entitled the owner to be credited thereon for that sum, and that sum was taken from the plaintiff in this action when the owner paid it to the contractor out of the amount of the next payment, and he cannot set up this payment to the contractor as a defence to this action. *Kenney* v. *Apgar*, 93 *N. Y.* 540, 551.

It would appear that there can be nothing clearer in the law than that where an order is drawn upon a fund, to be paid upon the happening of a certain condition, which order is accepted, the acceptor cannot by his own act defeat the condition, and then set it up as a defence to an action upon the acceptance.

The plaintiff in error has, in this case, by his own acts, estopped himself from any defence to this action.

No error is found in the direction of a verdict by the trial court, and therefore the judgment below must be affirmed.